a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EDDIE CARROLL #A220-486-058,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00376<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| KRISTI NOEM,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Eddie Carroll ("Carroll"). Carroll is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. He challenges the legality of his continued detention.

To determine whether Carroll may be entitled to relief, he must AMEND the Petition.

I. Background

Carroll is a native and citizen of the Bahamas. ECF No. 1-2 at 2. He alleges that he was detained on August 22, 2024, after being released from criminal incarceration. *Id.* Carroll argues that he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because the Government has not yet secured travel documents for his removal.

II.   <u>Law and Analysis</u>

The United States Supreme Court has held that an alien may be detained post-removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. According to the Supreme Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months. *Id.*, at 701. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).

Carroll alleges that his removal is unlikely to occur in the reasonably foreseeable future because travel documents have not yet been issued. However, he provides no allegations or evidence of why he believes travel documents are not forthcoming. *See Andrade*, 459 F.3d at 543 (noting that aliens must present sufficient evidence and not merely offer conclusory statements). When a petitioner comes forward with nothing more than conclusory allegations, he fails to shift the burden to the government under *Zadvydas*. *See Andrade,* 459 F.3d at 543-44.

Carroll must amend his Petition to allege why his removal is unlikely to occur in the reasonably foreseeable future. He should specifically state whether the

Bahamas has refused to issue travel documents. Carroll must also provide any evidence that supports his claim.

### III. Conclusion

Because additional information is required to support Carroll's claim, IT IS ORDERED that he AMEND the Petition within 30 days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Wednesday, April 23, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE